CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

9/14/2023

LAURA A. AUSTIN, CLERK
BY: s/ CARMEN AMOS
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

| | |
|---|---|
| JANE DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 6:23CV00052 |
| BOARD OF VISITORS, VIRGINIA | ) |
| MILITARY INSTITUTE, | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM**

COMES NOW Plaintiff, Jane Doe, by counsel, and hereby presents this Motion to Proceed Under Pseudonym. In support thereof, Plaintiff provides the following:

1. Plaintiff was a minor at the time of all incidents alleged in her filed Complaint.

2. Plaintiff was the victim of a sexual assault on a state-run campus in Virginia.

3. While there is a presumption in favor of openness in the federal courts, parties may proceed under a pseudonym in appropriate cases. In *James v. Jacobson*, 6 F.3d 233 (4th Cir. 1993), the United States Court of Appeals for the Fourth Circuit identified factors bearing on the propriety of anonymity from prior cases, including:

> [1] whether the justification asserted by the requires party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature;
>
> [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties;
>
> [3] the ages of the persons whose privacy interests are sought to be protected;

> [4] whether the action is against a governmental or private party; and relatedly; and
>
> [5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Id*. At 238. These factors are not exhaustive; rather, the court must "carefully review all the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Doe II v. Pittsylvania County*, 844 F. Supp.2d 724, 729 (W.D. Va. 2012) (citations omitted).

4. Plaintiff wishes to safeguard her privacy regarding an event that occurred without her consent as a minor. This motion's intent is not to merely avoid criticism or annoyance.

5. Identification of Plaintiff would likely cause mental distress and harm. Plaintiff recognizes that this alone is not sufficient to warrant proceeding anonymously. *See Doe v. Kuhn*, No. 7:23-cv-209, 2023 U.S. Dist. LEXIS 126300 (W.D. Va. July 20, 2023); *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992); *Doe v. Pittsylvania Cnty.*, Va., 844 F. Supp. 2d 724, 732-33 (W.D. Va. 2012) (declining to grant anonymity where fears of retaliation were unsubstantiated); *Qualls v. Rumsfeld*, 228 F.R.D. 8, 12 (D.D.C. 2005); *Yacovelli v. Moeser*, No. 1:02cv596, 2004 U.S. Dist. LEXIS 9152, 2004 WL 1144183, at *7 (M.D.N.C. May 20, 2004) ("[E]mbarrassment and harassment are generally insufficient to demonstrate retaliatory harm."); *Doe v. Shakur*, 164 F.R.D. 359, 362 (S.D.N.Y. 1996).

6. Defendant is a governmental party. "Courts are more likely to allow a plaintiff to proceed under a pseudonym when the plaintiff challenges the government or government activity." *Doe v. Virginia Polytechnic Inst. & State Univ.*, No. 7:19-CV-00249, 2020 U.S. Dist. LEXIS 46319, 2020 WL 1287960, at *4 (W.D. Va. Mar. 18, 2020).

"This is because although the mere filing of a lawsuit against a private party may cause the defendant reputational and economic harm, such that fairness requires the identification of the plaintiffs, the government is not vulnerable to similar reputational harm . . . ." *Id.* (*quoting Int'l Refugee Assistance Project v. Trump*, No. TDC-17-0361, 2017 U.S. Dist. LEXIS 29058, 2017 WL 818255, at *3 (D. Md. Mar. 1, 2017)); c.f., *Doe v. Pub. Citizen*, 749 F.3d 246, 274 (4th Cir. 2014) (noting that "the public's interest in open judicial proceedings" "is especially compelling given that Company Doe sued a federal agency"). This rationale is strongest "in a case involving a challenge to the constitutional, statutory, or regulatory validity of government activity." *Id. In Doe v. Alger*, 317 F.R.D. 37, 41 (W.D. Va 2016), the court found that this factor was neutral, as a suit against a university's president and vice president would not be understood as accusing them, individually, of misconduct, but rather as named "only because they have the authority" to provide the relief sought. Here the board of visitors is simply the legal entity that must be sued to bring an action against a state university itself.

7. Risk of unfairness to Defendant is mitigated by the harm to Plaintiff of exposing her identity.

8. On balance, the *James* factors weigh in support of granting Plaintiff's motion to proceed under a pseudonym.

WHEREFORE, Plaintiff Jane Doe, by counsel, respectfully moves this Court for the following relief:

   a) Entry of an order permitting Plaintiff to proceed in this matter under an anonymous pseudonym; and

   b) Any other such relief as this Court should deem equitable.

                Respectfully submitted,

By _____
                Of Counsel

Thomas E. Strelka, Esq. (VSB # 75488)
*Counsel for Plaintiff*

Thomas E. Strelka, Esq. (VSB # 75488)
L. Leigh Rhoads, Esq. (VSB # 73355)
Brittany M. Haddox, Esq. (VSB # 86416)
STRELKA EMPLOYMENT LAW
4227 Colonial Avenue
Roanoke, VA  24018
Tel:  540-283-0802
thomas@strelkalaw.com
leigh@strelkalaw.com
brittany@strelkalaw.com