## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF VIRGINIA
## LYNCHBURG DIVISION

| | |
|---|---|
| **JANE DOE,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | )   **Case No.: 6:23CV000052** |
| **BOARD OF VISITORS, VIRGINIA** | ) |
| **MILITARY INSTITUTE,** | ) |
| | ) |
|     **Defendant.** | ) |

## ANSWER AND AFFIRMATIVE AND OTHER DEFENSES

Defendant Board of Visitors of Virginia Military Institute ("VMI" or "Defendant"), by counsel, for its Answer and Affirmative and Other Defenses to the Complaint filed by Plaintiff Jane Doe ("Doe" or "Plaintiff") states as follows:

1. The allegations in Paragraph 1 of Plaintiff's Complaint consist of jurisdictional statements and legal conclusions to which no response is required. To the extent that a response is deemed required, VMI does not presently contest subject matter jurisdiction but denies that it violated any of the laws that Plaintiff identifies as causes of action and further denies that Plaintiff is entitled to any relief requested or any other relief.

2. The allegations in Paragraph 2 of Plaintiff's Complaint consist of jurisdictional statements and legal conclusions to which no response is required. To the extent that a response is deemed required, VMI does not presently contest venue.

3. The allegations in Paragraph 3 of Plaintiff's Complaint consist of a legal conclusion and/or statement of law, to which no response is required.

4. The allegations in Paragraph 4 of Plaintiff's Complaint consist of jurisdictional statements and legal conclusions to which no response is required.

5. The allegations in Paragraph 5 of Plaintiff's Complaint consist of jurisdictional statements and legal conclusions to which no response is required. To the extent a response is deemed required, VMI denies it violated any of the laws that Plaintiff identifies and further denies that Plaintiff is entitled to any relief requested or any other relief.

6. The allegations in Paragraph 6 of Plaintiff's Complaint consist of a recitation of 42 U.S.C. § 20000d-7(a), to which no response is necessary. To the extent a response is deemed required, the statute speaks for itself and VMI denies it violated any of the laws that Plaintiff identifies and further denies that Plaintiff is entitled to any relief requested or any other relief.

7. In response to the allegations in Paragraph 7 of Plaintiff's Complaint, VMI admits that Plaintiff was a high school student but lacks information or knowledge sufficient to form a belief as to how Plaintiff identifies. VMI denies any remaining allegations in Paragraph 7.

8. In response to the allegations in Paragraph 8 of Plaintiff's Complaint, VMI admits that Plaintiff's parents were employees of VMI and that members of Plaintiff's immediate family attended VMI. VMI denies the remaining allegations in Paragraph 8.

9. In response to the allegations in Paragraph 9 of Plaintiff's Complaint, VMI admits that it complies with Title IX. VMI denies that it violated Title IX and further denies that Plaintiff is entitled to any relief requested or any other relief.

10. In response to the allegations in Paragraph 10 of Plaintiff's Complaint, VMI admits that it hosted an "open house" event on September 17-18, 2021, which Plaintiff attended. VMI lacks information or knowledge sufficient to form a belief as to whether Plaintiff's family accompanied her.

11. VMI admits the allegations in Paragraph 11 of Plaintiff's Complaint.

12. In response to the allegations in Paragraph 12 of Plaintiff's Complaint, VMI admits that Plaintiff spent the night in a barrack with a cadet host in attendance. VMI denies any remaining allegations in Paragraph 12.

13. In response to the allegations in Paragraph 13 of Plaintiff's Complaint, VMI denies that it violated any legal duty or right owed to Plaintiff and states that its barracks have been, and continue to be, a safe environment.

14. VMI lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 14 of Plaintiff's Complaint and, therefore, such allegations are denied.

15. VMI denies the allegations in Paragraph 15 of Plaintiff's Complaint.

16. In response to the allegations in Paragraph 16 of Plaintiff's Complaint, VMI denies that Plaintiff was sexually assaulted and battered, regardless of those terms' definitions.

17. VMI denies the allegations in Paragraph 17 of Plaintiff's Complaint. VMI further denies that Plaintiff was harassed or assaulted, regardless of the terms' definitions.

18. VMI denies the allegations in Paragraph 18 of Plaintiff's Complaint.

19. In response to the allegations in Paragraph 19 of Plaintiff's Complaint, VMI admits that the barracks are within its jurisdiction. VMI denies the remaining allegations in Paragraph 19.

20. VMI denies the allegations in Paragraph 20 of Plaintiff's Complaint.

21. VMI lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 21 of Plaintiff's Complaint and, therefore, such allegations are denied.

22. VMI lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 22 of Plaintiff's Complaint and, therefore, such allegations are denied.

23. VMI lacks information or knowledge sufficient to form a belief as to how Jane Doe left VMI, who she left VMI with, and what she told her family. Therefore, the allegations in Paragraph 23 of Plaintiff's Complaint are denied.

24. The allegations in Paragraph 24 of Plaintiff's Complaint consist of legal conclusions to which no response is required. To the extent that a response is deemed required, VMI denies that Plaintiff suffered any compensable harm. VMI further denies that it is liable to Plaintiff for any harm or damages and denies the remaining allegations in Paragraph 24.

25. In response to the allegations in Paragraph 25 of Plaintiff's Complaint, VMI admits that Plaintiff's father contacted VMI Police regarding an incident involving Plaintiff and that Plaintiff spoke with members of VMI Police. VMI denies the remaining allegations in Paragraph 25.

26. In response to the allegations in Paragraph 26 of Plaintiff's Complaint, VMI denies that Plaintiff made a formal complaint under Title IX.

27. VMI denies the allegations in Paragraph 27 of Plaintiff's Complaint and denies that it violated Title IX in any way.

28. VMI denies the allegations in Paragraph 28 of Plaintiff's Complaint.

29. The allegations in Paragraph 29 of Plaintiff's Complaint consist of a legal conclusion to which no response is required. To the extent that a response is deemed required, VMI denies the allegations in Paragraph 29.

30. The allegations in Paragraph 30 of Plaintiff's Complaint consist of a legal conclusion to which no response is required. To the extent that a response is deemed required, VMI admits Plaintiff participated in a recruitment program. VMI denies the remaining allegations of Paragraph 30.

31. In response to the allegations in Paragraph 31 of Plaintiff's Complaint, VMI admits that the Title IX Coordinator was involved in responding to Plaintiff's report. VMI denies the remaining allegations in Paragraph 31.

32. VMI denies the allegations in Paragraph 32 of Plaintiff's Complaint. VMI further denies that it failed to adhere to its legal obligations in its treatment of Plaintiff or anyone else.

33. In response to the allegations in Paragraph 33 of Plaintiff's Complaint, VMI admits that Superintendent Wins met with Plaintiff's parents. VMI denies the remaining allegations in Paragraph 33.

34. In response to the allegations in Paragraph 34 of Plaintiff's Complaint, VMI admits that Chief of Staff John Young met with Plaintiff's parents. VMI denies the remaining allegations in Paragraph 34.

35. VMI denies the allegations in Paragraph 35 of Plaintiff's Complaint.

36. VMI denies the allegations in Paragraph 36 of Plaintiff's Complaint. VMI further denies that it failed to adhere to its legal obligations in its treatment of Plaintiff or its response to her report.

37. VMI denies the allegations in Paragraph 37 of Plaintiff's Complaint. VMI further denies that it failed to adhere to its legal obligations in its treatment of Plaintiff or its response to her report.

38. VMI denies the allegations in Paragraph 38 of Plaintiff's Complaint. VMI further denies that it failed to adhere to its legal obligations in its treatment of Plaintiff or its response to her report.

39. VMI denies the allegations in Paragraph 39 of Plaintiff's Complaint. VMI further denies that it failed to adhere to its legal obligations in its treatment of Plaintiff or its response to her report.

40. VMI denies the allegations in Paragraph 40 of Plaintiff's Complaint. VMI further denies that it failed to adhere to its legal obligations in its treatment of Plaintiff or its response to her report.

41. The allegations in Paragraph 41 of Plaintiff's Complaint consist of a legal conclusion to which no response is required. To the extent that a response is deemed required, VMI denies all allegations in Paragraph 41. VMI further denies that it failed to adhere to its legal obligations in its treatment of Plaintiff or its response to her report.

42. VMI denies the allegations in Paragraph 42 of Plaintiff's Complaint. VMI further denies that it failed to adhere to its legal obligations in its response to Plaintiff's report.

43. In response to the allegations in Paragraph 43 of Plaintiff's Complaint, VMI lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 43 of Plaintiff's Complaint and, therefore, such allegations are denied.

44. VMI denies the allegations in Paragraph 44 of Plaintiff's Complaint.

45. The allegations in Paragraph 45 of Plaintiff's Complaint consists of a legal conclusion and/or recitation of 34 CFR § 106.44, to which no response is necessary. To the extent a response is deemed required, VMI denies that it failed to adhere to 34 CFR § 106.44 in any way and further denies that is liable to Plaintiff or that it violated any legal right or duty owed to Plaintiff under 34 CFR § 106.44 or any other law.

46. VMI denies the allegations in Paragraph 46 of Plaintiff's Complaint.

47. VMI denies the allegations in Paragraph 47 of Plaintiff's Complaint. VMI further denies that Plaintiff made a formal complaint.

48. In response to the allegations in Paragraph 48 of Plaintiff's Complaint, VMI denies it violated any statute or regulation and denies it violated any legal right or duty owed to Plaintiff or anyone else. VMI further denies that Plaintiff is entitled to equitable relief or any other relief. VMI denies the remaining allegations in Paragraph 48.

49. The allegations in Paragraph 49 of Plaintiff's Complaint consist of legal conclusions to which no response is required. To the extent that a response is deemed required, VMI denies that Plaintiff is entitled to any requested relief or any other relief. VMI denies the remaining allegations in Paragraph 49.

50. The allegations in Paragraph 50 of Plaintiff's Complaint consist of a legal conclusion to which no response is necessary. To the extent a response is deemed required, VMI denies that Plaintiff is entitled to any relief, injunctive or otherwise. VMI denies the remaining allegations in Paragraph 50.

51. VMI denies the allegations in Paragraph 51 of Plaintiff's Complaint.

52. In response to the allegations in Paragraph 52 of Plaintiff's Complaint, VMI incorporates all foregoing responses in this Answer as if fully set forth herein.

53. VMI denies the allegations in Paragraph 53 of Plaintiff's Complaint. VMI further denies Plaintiff is entitled to any relief, equitable or otherwise.

54. VMI denies the allegations in Paragraph 54 of Plaintiff's Complaint.

55. In response to the allegations in Paragraph 55 of Plaintiff's Complaint, VMI denies that it failed to adhere to its legal obligations in its treatment of Plaintiff. VMI further denies that Plaintiff is entitled to equitable relief or any other relief.

56. In response to the allegations in Paragraph 56 of Plaintiff's Complaint, VMI incorporates all foregoing responses in this Answer as if fully set forth herein.

57. The allegations in Paragraph 57 of Plaintiff's Complaint consist of a legal conclusion and/or recitation of 20 U.S.C. §§ 1681, *et seq.*, to which no response is necessary. To the extent a response is deemed required, VMI denies that it failed to adhere to 20 U.S.C. § 1681 or any other law in its treatment of Plaintiff or anyone else.

58. The allegations in Paragraph 58 of Plaintiff's Complaint consist of a legal conclusion and/or statement of law, to which no response is necessary. To the extent a response is deemed required, VMI denies that it discriminated against Plaintiff or anyone else.

59. The allegations in Paragraph 59 of Plaintiff's Complaint consist of a legal conclusion and/or statement of law, to which no response is necessary. To the extent a response is deemed required, VMI states that it complies with Title IX.

60. VMI admits the allegations in Paragraph 60 of Plaintiff's Complaint.

61. The allegations in Paragraph 61 of Plaintiff's Complaint consists of a legal conclusion and/or statement of law, to which no response is necessary. To the extent a response is deemed required, VMI denies that it retaliated against Plaintiff or anyone else.

62. VMI denies the allegations in Paragraph 62 of Plaintiff's Complaint.

63. VMI denies the allegations in Paragraph 63 of Plaintiff's Complaint.

64. VMI denies the allegations in Paragraph 64 of Plaintiff's Complaint.

65. VMI denies the allegations in Paragraph 65 of Plaintiff's Complaint.

66. VMI denies the allegations in Paragraph 66 of Plaintiff's Complaint.

67. VMI denies the allegations in Paragraph 67 of Plaintiff's Complaint.

68. The allegations in Paragraph 68 of Plaintiff's Complaint consist of a legal conclusion to which no response is required. To the extent that a response is deemed required, VMI denies that it discriminated against Plaintiff in its treatment of her or its response to her report. VMI denies the remaining allegations in Paragraph 68.

In response to the allegations following Paragraph 68 of Plaintiff's Complaint and in subparagraphs "a" through "c" under the heading "WHEREFORE," VMI asserts that the prayer for relief is not a factual allegation to which a response is required. To the extent a response is deemed required, VMI denies that any damages, injunctive relief, or fees or costs are appropriate in this case, and further denies all allegations in the "WHEREFORE" clause and subsequent subparagraphs. Moreover, VMI denies that Plaintiff is entitled to any form of relief.

VMI denies all allegations in Plaintiff's Complaint that it has not expressly admitted in this Answer and reserves the right to amend this pleading as necessary.

## AFFIRMATIVE AND OTHER DEFENSES

In further answer to Plaintiff's Complaint, VMI sets forth the following affirmative and other defenses:

1. Plaintiff fails to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred as VMI was not deliberately indifferent in responding to her report. VMI took prompt and effective action in responding to Plaintiff's report.

3. Plaintiff's claims are barred as VMI was not deliberately indifferent in the establishment, maintenance, and enforcement of rules, policies, and practices addressing sex discrimination and sexual harassment on campus.

4. Plaintiff's claims are barred as she did not suffer any injury by any act and/or omission from VMI in responding to Plaintiff's report and did not suffer any injuries to which she could recover under Title IX.

5. Plaintiff's claims are barred as she did not suffer any injury by any act and/or omission from VMI in the establishment, maintenance, and enforcement of rules, policies, and practices addressing sex discrimination and sexual harassment on campus.

6. Plaintiff did not suffer harassment and certainly did not suffer from conduct that was so severe, pervasive, and objectively offensive as to deprive Plaintiff of her rights under Title IX, 20 U.S.C. §§ 1681, *et seq.*

7. Plaintiff cannot recover relief for emotional distress, mental anguish, personal humiliation, and other alleged damages as such, if caused, were caused by factors other than VMI's acts or omissions.

8. Plaintiff cannot recover relief for economic harm as such damages, if caused, were caused by factors other than VMI's acts or omissions.

9. VMI is not liable to Plaintiff for any intervening criminal act that caused Plaintiff any damages.

10. Plaintiff has not demonstrated good cause or met her burden of proof for an injunction.

11. Plaintiff's claim for damages is limited by the after-acquired evidence doctrine.

12. Plaintiff's claims are barred by unclean hands.

13. Plaintiff declined the opportunity to file a Title IX complaint and therefore cannot now claim that VMI violated Title IX because of her decision.

14. Plaintiff was not deprived of any educational program or opportunity that VMI offered as Plaintiff had no intention on attending VMI and did not attend VMI.

*s/Olivia Moulds*
Victor O. Cardwell (VSB No. 27747)
victor.cardwell@wrvblaw.com
Leah M. Stiegler (VSB No. 89602)
leah.stiegler@wrvblaw.com
Olivia S. Moulds (VSB No. 98318)
olivia.moulds@wrvblaw.com
Woods Rogers Vandeventer Black PLC
P.O. Box 14125
10 South Jefferson Street, Suite 1800
Roanoke, Virginia 24038-4125
Telephone: (540) 983-7600
Facsimile: Main (540) 983-7711 Direct (540) 322-3812
*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I certify that on February 9, 2024, a true and accurate copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system, which will send notification of such filing to counsel of record.

    __s/Olivia Moulds_____